NOT FOR PUBLICATION

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| JACKSON HEWITT INC., | : |
| | : **Hon. Dennis M. Cavanaugh** |
| Plaintiff, | : |
| | : **ORDER** |
| v. | : |
| | : Civil Action No. 2:10-cv-05713 (DMC)(JBC) |
| G.A.L.T. INVESTMENTS, LLC, et al., | : |
| | : |
| Defendants. | : |
| | : |

### DENNIS M. CAVANAUGH, U.S.D.J.:

This matter comes before the Court upon the Motion of Plaintiff Jackson Hewitt Inc.

("Plaintiff") for Default Judgment against Defendant G.A.L.T. Investments, LLC, et. al.

("Defendant" or "GALT") (ECF No. 24). After considering all submissions and based upon the

following:

**WHEREAS** Plaintiff filed the Complaint on November 2, 2010 (ECF No. 1);

**WHEREAS** Kenneth L. Leiby, Jr., Esq. and Michael Einbinder, Esq. entered

appearances on behalf of GALT on November 22, 2010, but withdrew as counsel with the

permission of the Court on May 4, 2011;

**WHEREAS** Robert Lorenc, Esq. entered an appearance on behalf of Defendant on May

3, 2011;

**WHEREAS** Kevin Forsberg, Esq. requested leave to appear *pro hac vice* on behalf of

Defendant on May 5, 2011, but withdrew as counsel with the permission of the Court on January

1

28, 2013;

**WHEREAS** this Court submitted an Order on January 25, 2013 stating that Defendant had 30 days to retain new counsel (ECF No. 10);

**WHEREAS** Lorenc advised Plaintiff's Counsel that he was not authorized to continue to represent GALT and would not take over as its lead counsel, but instead intended to withdraw as counsel for GALT (See Dienelt Dec, ECF. No. 24, Ex. 2);

**WHEREAS** Plaintiff filed a Request for Default on April 19, 2013 (ECF No. 14) and an Entry of Default was made due to Defendant's failure to appear;

**WHEREAS** Lorenc was not officially directed to be counsel for Defendant until April 25, 2013 (See Lorenc Dec, ECG No. 26, Ex. 1);

**WHEREAS** the entry of default was proper as Defendant did not secure counsel within the 30 day time period ordered by this Court;

**WHEREAS** Plaintiff filed a Motion for Default Judgment on May 6, 2013 (ECF No. 24);

**WHEREAS** Defendant filed an Opposition on May 29, 2013, arguing that the entry of default should be vacated (ECF No. 26);

**WHEREAS** an entry of default "is not favored and doubtful cases must be resolved in favor of the non-moving party." Clauso v. Glover, No. 09-05306, 2010 WL 3169597, at *1 (D.N.J. Aug. 11, 2010); see also Hritz v. Woma Corp., 732 F.2d 1178, 1188 (3d Cir. 1984) (stating that "this court's overriding preference is the disposition of litigated matters on the merits rather than by default");

**WHEREAS** this Court must consider "(1) whether the plaintiff will be prejudiced if the default is lifted; (2) whether the defendant has a meritorious defense; and (3) whether the default was the result of the defendant's culpable conduct" in deciding whether to vacate an

2

entry of default. <u>Clauso</u>, 2010 WL 3169597, at *1 (quoting <u>Sawadski De Bueno v. Bueno</u>

<u>Castro</u>, 822 F.2d 416, 419–20 (3d Cir.1987));

**WHEREAS** Defendant has demonstrated that the above three factors weigh in its favor;

IT IS on this $\mathbf{29}$ day of January, 2014

**ORDERED** that Plaintiff's Motion for Default Judgment is **denied**. The Clerk of the

Court is ordered to vacate the entry of default against Defendant.

Dennis M. Cavanaugh, U.S.D.J.

Original:     Clerk's Office
cc:          Hon. James B. Clark, U.S.M.J.
             All Counsel of Record
             File